IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION


NOEL S. HARRIS, #1451879                  §

VS.                                       §          CIVIL ACTION NO. 6:08cv471

R. N. BIGS, ET AL.                        §

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Noel S. Harris, a Texas prison inmate previously confined in the Smith County Jail,

proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit

pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of

the parties pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on December 4, 2008. The Plaintiff complained that he was

denied medical care for his right eye while confined at the Smith County Jail. On May 12, 2009, the

Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir.

1985), to consider the Plaintiff's claims. The Defendants were in attendance at the hearing. The

Plaintiff, Nurse Patricia Jessie and Nurse Marie Taylor testified during the hearing. The Defendants

also submitted documentary evidence consisting of Smith County Jail records and medical records

from Eye Care Associates of East Texas.

The Plaintiff testified that the problems with his right eye began on May 30, 2007, when

another person assaulted him by gouging the Plaintiff's right eye with his thumb. The Plaintiff added

that his eyeball was hanging out of socket. Dr. Thomas C. Bochow performed emergency surgery at

Mother Francis Hospital, which included placing the eyeball back into the socket and reattaching the

retina. Dr. Bochow gave him three types of eye drops and an antibiotic cream to apply throughout June, 2007. The Plaintiff was instructed to go to Eye Care Associates of East Texas for follow-up examinations with Dr. Bochow, but he failed to go to the follow-up examinations due to a lack of transportation. The Plaintiff testified that he was able to talk to Dr. Bochow on the phone and was instructed to keep treating his right eye with the medication.

On July 18, 2007, the Plaintiff was convicted of a felony and placed in the Smith County Jail. The Plaintiff carried his eye medication with him in a sack during the trial. He told Judge Skeen that he needed to continue using his eye medication, and Judge Skeen told him that the jail would see to it that he could continue using the medication. The transport officer took the medication while transporting him to the jail. The medication was turned in at the book-in office. Later, however, the book-in officer was unable to find the sack of medication. The Plaintiff testified that he talked to Nurse Bigs, who assured him that he would receive all necessary medication. The Court notes that Nurse Bigs was subsequently identified in the hearing as Nurse Patricia Jessie. The Plaintiff testified that he was shipped to various jail facilities over the next few weeks before he was sent to the Texas prison system. Jail records indicate he was sent to the Gurney Unit of the Texas prison system on August 31, 2007. The Plaintiff asserted that he never received any medical care for his eye while he was confined in the Smith County Jail. By comparison, doctors at the Texas prison system have treated his eye. He was initially given artificial tears. Dr. Polk said his eye was inflamed, which was causing his headaches. Dr. Polk gave him the same type of medication that was provided by Dr. Bochow. The Plaintiff testified that prison medical personnel saved his eye but not his vision. He can only see silhouettes. He is also having trouble with his left eye. The Plaintiff testified that he believes that he would not have lost his vision in his right eye if jail personnel had provided him treatment.

The Plaintiff acknowledged that an entry in the jail records, dated July 18, 2007, reveal that he reported problems with his eyes to Nurse Jessie. She indicated that she called Dr. Bochow's office for instructions. She talked to Nurse Tracey Allen, who indicated that Dr. Bochow had seen the Plaintiff on only one occasion since the surgery. Nurse Jessie was given instructions not to give the eye medication to the Plaintiff. She was also instructed to tell him to make an appointment with Dr. Bochow when he is released.

The Plaintiff acknowledged that he received medical care for other problems he experienced in the jail. He injured his back when he fell from his bunk. Jail personnel took him to the emergency room. He was prescribed Motrin for pain. It is noted that jail records indicate that he was prescribed Motrin and Flexeril, which is a muscle relaxant. The Plaintiff testified that hospital personnel also suggested ice packs and possibly a sling, which was not provided.

When questioned by the Defendants, the Plaintiff again acknowledged that he did not go to Eye Care Associates of East Texas for follow-up examinations by Dr. Bochow. He again explained that he did not have transportation to go see Dr. Bochow, although he did talk to him on the phone on one occasion. He again acknowledged that he was taken to the hospital when he fell from his bunk. The Plaintiff's medical requests contained in the jail records were reviewed. There were several requests concerning back pain, but no requests concerning eye problems. The Plaintiff stressed, however, that he told the intake nurse about his problems with his eye, and she indicated that he did not need to worry about it and that jail medical personnel would take care of the problem. He acknowledged that he did not submit sick call requests about his eye, but he added that he did not do so because he had been told that the jail would take care of the problem.

Nurse Patricia Jessie testified that she was the person who talked to the Plaintiff at intake on July 18, 2007. She reviewed his medical records. He told her about his eye problem. She assured him that she would call Dr. Bochow's office since he said he had brought his medication with him. Nurse Jessie testified that she called Dr. Bochow's office and talked to Nurse Tracey Allen. Nurse Allen told her that Dr. Bochow had seen him only once since the surgery and that she was not to give him the eye drops. Nurse Jessie testified that she followed the instructions given to her from the doctor's office. She followed the instructions in accordance with policy. She added that this was the only time she ever saw the Plaintiff. Her review of the jail medical records revealed that he never submitted another sick call request about his eye.

Nurse Marie Taylor testified that she is the medical administrator at the jail. She testified that there was only one entry in the medical records made by Nurse Jessie, which was the entry made on July 18, 2007. She testified that the policy is to call medical sources if necessary. Nurse Jessie followed the policy when she called Dr. Bochow's office. Nurse Jessie also followed policy when she complied with Dr. Bochow's instructions. She testified that inmates should submit sick call requests if they are having medical problems. She noted that the Plaintiff clearly knew how to submit sick call requests. When questioned by the Plaintiff, Nurse Taylor testified that Nurse Jessie could have referred him to a doctor if she thought it was necessary. She added that Nurse Jessie did exactly what she should have done by calling Dr. Bochow's office and following the instructions given to her.

In analyzing the Plaintiff's claim, the Court initially notes that the Fifth Circuit has held that the deliberate indifference standard applies with respect to medical claims by jail inmates. *Hare v. City of Corinth*, 74 F.3d 633, 647 (5th Cir. 1996). Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989).

In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. *See also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994).

In *Domino v. Texas Department of Criminal Justice*, the Fifth Circuit discussed the high standard involved in showing deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

239 F.3d 752, 756 (5th Cir. 2001). Dissatisfaction with medical treatment or diagnosis does not constitute "deliberate indifference" to a serious medical need and does not rise to the level of the denial of a constitutional right. *Estelle v. Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d at 1238. A disagreement with the treatment provided by a doctor does not rise to the level of a constitutional violation. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

In the present case, the only time that Nurse Jessie, who the Plaintiff referred to as Nurse Bigs, came into contact with the Plaintiff was on July 18, 2007. The Plaintiff told her about problems with his right eye and his need for the medication provided by Dr. Bochow. Nurse Jessie did not ignore his problem. Quite the contrary, she was receptive to his medical problem and called Dr. Bochow's office

for instructions. She followed the instructions given to her. The Plaintiff may disagree with the instructions, but Nurse Jessie was not deliberately indifferent in investigating the matter and following the instructions given to her. The facts as alleged and developed during the *Spears* hearing do not support a claim of deliberate indifference against Nurse Jessie a.k.a. Nurse Bigs.

The facts as alleged and developed do not support an inference that anyone named as a defendant was deliberately indifferent to the Plaintiff's serious medical needs. The facts as alleged and developed fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The claims against the Defendants should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

As a final matter, the Plaintiff stated at the end the hearing that he wanted to include Dr. Bochow as a defendant. It is again noted that the Plaintiff filed the lawsuit pursuant to 42 U.S.C. § 1983, which states that every "person" who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. To state a claim under § 1983, the Plaintiff must alleged facts tending to show (1) that he has been "deprived of a right 'secured by the Constitution and the laws' of the United States," and (2) that the deprivation was caused by a person or persons acting "under color of" state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Section 1983 suits may, for example, be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980). The actions of a private hospital or its employees is not state action. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). The Plaintiff does not have a basis for a § 1983 lawsuit against Dr. Bochow because he was not a state actor. Moreover, even if he could sue Dr. Bochow in a civil rights lawsuit, his claim

would be frivolous because he does not have a basis for a civil rights lawsuit based on a disagreement with Dr. Bochow's decision.  Dr. Bochow performed successful surgery on the Plaintiff's eye.  He gave the Plaintiff medication for his eye and issued instructions for follow-up exams.  Dr. Bochow cannot be faulted because the Plaintiff did not comply with the instructions given for follow-up care. It is therefore

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **27** day of **May, 2009.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE